THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-____-____

| | |
|---|---|
| LM RESTAURANTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) VERIFIED COMPLAINT |
| MILLER'S ALE HOUSE, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff LM Restaurants, Inc ("LMR") complains of Defendant Miller's Ale House ("Miller's") as follows:

1. LMR seeks a declaration of its rights for purposes of resolving an actual controversy between the parties, and requests this Court to exercise its authority under the All Writs Act to enjoin a suit now pending in the Circuit Court of the 15th Judicial District in and for Palm Beach County, Florida, against a CAROLINA ALE HOUSE restaurant licensed by LMR and to enjoin Miller's from bringing additional actions, for trademark infringement or otherwise, arising out of the use by LMR licensees of the words ALE HOUSE. LMR also seeks relief for Miller's breach of a prior settlement agreement with LMR.

2. In its recently filed state court lawsuit, Miller's asserts trademark and unfair competition claims that were previously disposed of by this Court and affirmed by the U.S. Court of Appeals for the Fourth Circuit. Miller's is attempting to relitigate issues previously resolved by this Court and LMR faces the prospect of spending more time and money defending its licensee against claims that have already been decided.

## THE PARTIES, VENUE, AND JURISDICTION

3. LMR is a corporation organized and existing under the laws of Florida with its principal place of business in Raleigh, North Carolina.

4. Upon information and belief, Miller's is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Jupiter, Palm Beach County, Florida.

5. This Court had subject matter jurisdiction over Miller's predecessor-in-interest's prior action under 28 U.S.C. §1331 based on claims for trademark infringement under the Lanham Act, 15 U.S.C. §1051 *et seq.*, and under the Copyright Act, 17 U.S.C. §101 *et seq.* This Court has ancillary jurisdiction over this action to protect and enforce its judgment in the earlier case. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1338.

6. Venue is appropriate pursuant to 28 U.S.C. §1391(b).

## FACTS

7. In 1988, John Miller, a resident of the state of Florida, opened an ale house with a sports fishing theme, which developed into a small chain of ale houses in Florida. Each ale house was named after the city in which it is located followed by the words "ale house." Thus, the Jupiter, Florida ale house was called "Jupiter Ale House."

8. Upon information and belief, in or about 1994, Mr. Miller assigned ownership and control, to include his intellectual property rights, in his ale house chain to Ale House Management, Inc., ("AHM") a Florida corporation.

9. In 1998, Raleigh Ale House, Inc. ("RAHI") prepared to open what would ultimately be a "Carolina Ale House," in a converted restaurant building in Raleigh, North

Carolina. RAHI was and is managed and licensed by Plaintiff LMR.

10. In March 1998, AHM sued RAHI alleging trademark, trade dress, and copyright infringement as well as unfair trade practices in *Ale House Management Inc v. Raleigh Ale House, Inc, et al,* 5:98-cv-247-F(2)(E.D.N.C.). AHM's claims were based in large part on the claim that RAHI's use of the words "ale house" infringed AHM's alleged trademark rights in the name. A copy of AHM's complaint, without its exhibits, is attached hereto as Exhibit A.

11. RAHI promptly moved to dismiss and for summary judgment arguing *inter alia* that the phrase "ale house" as used by AHM and RAHI was a generic term for a facility that serves beer or ale, and thus the phrase is unprotectable. Being generic, the phrase could not be afforded trademark status as a matter of law.

12. In January 1999, this Court granted RAHI's motion, expressly adopted RAHI's arguments, and dismissed AHM's claims. In March 1999, this Court found that AHM's "allegations were vague, broad and sometimes lacking any factual basis"; its case theory was "an elusive, constantly mutating thing…" and AHM relied on "utterly false contentions." As a result, the Court awarded RAHI its attorney fees and costs.

13. The Fourth Circuit affirmed this Court's decision, to include specifically holding that the term "ale house" as used by the parties is generic and not entitled to trademark protection, in *Ale House Management, Inc v. Raleigh Ale House, Inc,* 205 F.3d 137 (4th Cir. 2000).

14. In August 2002, AHM initiated a proceeding with the United States Patent and Trademark Office ("USPTO") opposing Plaintiff LMR's application to register its stylized logo for CAROLINA ALE HOUSE FOOD SPORTS FUN. Through the course of application, in recognition of the unprotectable nature of "ale house," LMR disclaimed exclusive rights to use

"ale house", "Carolina" or each of the remaining words apart from the entire mark. In the opposition, AHM misrepresented that the Fourth Circuit had held that the term "ale house" preceded by a geographic location was not subject to the exclusive use by any one party and therefore should not be allowed registration.

15. On May 2, 2005, upon a trial before the Trademark Trial and Appeal Board of the USPTO, the Board found that AHM completely misstated, or at least misinterpreted, the Forth Circuit's findings in the prior lawsuit and that AHM's claims in this regard were meritless. The Board entered judgment against AHM, dismissed the opposition and allowed LMR's application to proceed to registration. A copy of the Board's opinion is attached hereto as Exhibit B.

16. LMR now owns U.S. Service Mark Registration No. 3,038,753 for the CAROLINA ALE HOUSE stylized logo used in conjunction with restaurant and sports bar services. A copy of LMR's federal registration is attached hereto as Exhibit C.

17. In September 2002, AHM again sued RAHI as well as Cary Ale House, Inc. ("CAHI"), another LMR managed and licensed restaurant, for trademark infringement because these restaurants offer a "chicken zinger" appetizer. The Defendants counterclaimed to cancel AHM's trademark registrations, asserting that "chicken zingers" was generic or so highly descriptive for spicy chicken appetizers as to not warrant trademark protection. The lawsuit was again filed in this Court and was assigned Civil Action No. 5:02-cv-709-BO(3).

18. In March 2006, this Court entered summary judgment in favor of the LMR's licensees, dismissed AHM's claims, and set the counterclaims for trial.

19. In June 2006, AHM, Miller's, LMR and its defendant restaurants entered into a settlement agreement that ended the chicken zinger lawsuit. As part of the settlement, AHM and Miller's promised that they would conduct mediation in the state of North Carolina with LMR

4

Case 5:08-cv-00617-F   Document 1   Filed 12/19/08   Page 4 of 9

prior to their commencing any legal action involving any intellectual property dispute involving *inter alia* a restaurant owned or managed by LMR or Lou Moshakos and operating under the name CAROLINA ALE HOUSE. A true and accurate copy of that settlement agreement is attached hereto as Exhibit D.

20. Upon information and belief, on or about November 1, 2004, AHM assigned its copyrights, trademarks, trademark applications, trademark registrations and corresponding good will for its ale house restaurants to Plaintiff Miller's Ale House, Inc.

21. Upon information and belief, the formerly AHM run ale houses have discontinued using the names of the cities in which they are located. Instead, each has adopted the name "Miller's Ale House."

22. Upon information and belief, Miller's is the successor in interest to AHM for the chain of ale houses previously controlled by AHM.

23. On December 8, 2008, without providing any prior notice or making any effort to conduct mediation, Miller's filed suit in the state court for Palm Beach County, Florida, alleging trademark infringement against Boynton Carolina Ale House, LLC ("BCAHL"), another LMR licensed restaurant doing business as CAROLINA ALE HOUSE. Mr. Moshakos is an owner of this ale house. In this lawsuit, Miller's again claims trademark rights in the words "ale house" and asserts causes of action for trademark infringement and unfair competition against BCAHL. Miller's also repeats the allegation that BCAHL infringes Miller's "trade dress" rights in how Miller's restaurants look and feel. A copy of the Florida lawsuit is attached hereto as Exhibit E.

24. BCAHL serves beer and its layout is basically the same as RAHI's, with variations based on the fact the BCAHL is a converted TONY ROMA'S restaurant. BCAHL features popular local sports teams, televisions, and a restaurant organized around a central bar,

the same themes as RAHI.

25. BCAHL's licensing rights include the right to do business under LMR's U.S. Service Mark Registration No. 3,038,753, which registered mark is the subject of Miller's state court lawsuit.

26. Through counsel, on December 12, 2008, LMR contacted Mr. James McCann, the lead attorney listed on Miller's state court lawsuit to inquire why Miller's had disregarded its obligation to mediate before commencing a lawsuit and to make sure Miller's attorneys new of this Court's prior judgment on the genericness of "ale house" and the Fourth Circuit's affirmance. Mr. McCann stated they were quite familiar with the prior holdings and explained he did not believe the present state law claims were barred because Miller's has now developed "secondary" meaning in the words "ale house."

27. Through counsel, LMR demanded Miller's to dismiss the Florida lawsuit, honor this Court's prior ruling regarding the genericness of "ale house" and trade dress, and if so desired, engage in mediation prior to commencing any further legal action. Miller's refused to dismiss its lawsuit and stated that it intended to serve LMR's licensee on December 19, 2008.

## COUNT I
## DECLARATORY RELIEF
## 28 U.S.C. §2201 et seq. & 15 U.S.C. §1501 et seq.

28. Paragraphs 1-27 are hereby incorporated by reference.

29. LMR seeks a declaration of its rights for the purposes of determining a question of actual controversy between the parties evidenced by Miller's contention that its trademark rights in the words "ale house" were not fully disposed of by this Court's prior judgment, as affirmed by the Fourth Circuit Court of Appeals, against Miller's predecessor in interest. This current controversy is demonstrated by Miller's pending state court lawsuit against an LMR

licensee as referenced above and attached hereto as Exhibit E.

30. LMR requests the Court enter a declaratory judgment that its July 7, 1999 order granting summary judgment in favor of LMR's licensee and dismissing all claims against LMR's licensee based on Miller's intellectual property rights and the subsequent affirmance by the Fourth Circuit disposed of Miller's trademark infringement and unfair competition claims on the merits, so as to give rise to the doctrines of claim and issue preclusion and to bar the relitigation of the action in this or any other court.

31. LMR further requests the Court to enter a declaratory judgment that Miller's is precluded and estopped from claiming trademark rights in the generic phrase "ale house" and in that phrase coupled with the geographic modifier based on the position taken by Miller's predecessor in interest in the opposition proceeding it initiated at the USPTO on August 2, 2002 and assigned proceeding Opp. No. 91152294, as well as based on the ultimate trial decision entered by the Trademark Trial and Appeal Board on May 2, 2005 and reflected hereto as Exhibit B.

32. LMR further requests the court to enter a declaratory judgment that Miller's is precluded and estopped from contesting LMR's right to use and license, and thus also precluded and estopped from contesting LMR's licensee's use of, U.S. Service Mark Registration No. 3,038,753 based on the judgment entered by the Trademark Trial and Appeal Board on May 2, 2005 dismissing AHM's opposition to the registration.

### COUNT II
### INJUNCTIVE RELIEF
### 28 U.S.C. §§1651(a) & 2283

33. Paragraphs 1-32 are hereby incorporated by reference.

34. Miller's refusal to accept that it has no viable trademark rights in the phrase "ale

7

Case 5:08-cv-00617-F   Document 1   Filed 12/19/08   Page 7 of 9

house" and its pursuit of claims in Florida state court against an LMR licensee will result in the expenditure of a significant amount of time, effort, and resources by LMR in defense of its licensee and the licensee's use of LMR's federally registered trademark.

35. Miller's filed its action in Florida state court in order to circumvent the judgment entered by this Court and the USPTO and to receive a different and more favorable outcome than received from this Court and the USPTO.

36. LMR requests this Court to use its powers under the All Writs Act to enjoin proceedings in state court in order to protect and effectuate this Court's prior judgment and to enjoin the pending action filed by Miller's in Palm Beach County, Florida.

37. LMR further prays this Court to exercise the same authority to permanently enjoin Miller's from initiating litigation against LMR or any of its licensees for their use of the words "ale house."

## COUNT III
## BREACH OF CONTRACT

38. Paragraphs 1-37 are hereby incorporated by reference.

39. Miller's has breached paragraph 6 of its May 4, 2006 settlement agreement with LMR by initiating intellectual property litigation against Boynton Carolina Ale House, LLC doing business as CAROLINA ALE HOUSE.

40. Miller's breach of contract was willful.

41. Miller's breach of contract has damaged LMR.

WHEREFORE, LMR respectfully prays the court:

A. Grant LMR temporary, preliminary, and permanent injunctive relief by ordering Miller's and its attorneys to immediately cease and desist progressing its state court litigation in Palm Beach, Florida against LMR's licensee BCAHL and enjoin Miller's from commencing any

future litigation against LMR or any of its licensees for their use of "ale house;"

    B.     Award LMR its damages suffered as a result of Miller's breach of contract;

    C.     Award LMR its attorney fees and costs;

    D.     Award such other forms of relief as this Court may deem just and proper.

## VERIFICATION

I, Ilias (Lou) Moshakos as President of L M Restaurants Inc., being duly sworn, deposes and says that L M Restaurants Inc. is the Plaintiff in the above entitled action, that I have read the foregoing Complaint and know the contents thereof; that the same is true of my own knowledge except as to those matters and things stated upon information and belief, and as to those things I believe them to be true.

_____

Sworn to and subscribed before me by
Ilias (Lou) Moshakos on this the 19th day of December, 2008.

_____
Notary Public



My commission expires: 10-28-2012

COATS & BENNETT, P.L.L.C.
**Attorneys for LMR**

By: /s/ Anthony J. Biller
    N. C. State Bar No.: 24,117
    Larry L. Coats
    N. C. State Bar No.: 5,547
    David E. Bennett
    N.C. State Bar No.: 12,864
    1400 Crescent Green, Suite 300
    Cary, North Carolina 27518
    Telephone: (919) 854-1844
    Facsimile: (919) 854-2084