FILED
MAR 26 1998
DAVID W. DANIEL, CLERK
US DISTRICT COURT
E. DIST. N. CAROLINA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION.

ALE HOUSE MANAGEMENT, )
INC., a Florida corporation, )
                                            )
     Plaintiff,               )
                                            )      C.A. No. 5-98-CV-247-F(2)
vs.                                 )
                                            )
RALEIGH ALE HOUSE, INC. and )
JOHN A. DURANKO,           )
                                            )
     Defendants.            )
_____)

## VERIFIED COMPLAINT

ALE HOUSE MANAGEMENT, INC., Plaintiff, sues RALEIGH ALE HOUSE, INC. and JOHN A. DURANKO, Defendants, and alleges:

### JURISDICTION

1. This Court has subject matter jurisdiction over this cause under the laws of the United States of America, including, but not limited to, 15 U.S.C. § 1125(a), 28 U.S.C. § 1338, 17 U.S.C. § 102, 17 U.S.C. § 201(b), 17 U.S.C. § 501, 17 U.S.C. § 502, 17 U.S.C. § 504, and 17 U.S.C. § 505.

2. This Court has pendent and ancillary jurisdiction over all other claims asserted herein, these claims being necessarily determinable together with the above federal claims.

3. The amount in controversy is in excess of Fifty Thousand Dollars ($50,000.00).

4. This Court has personal jurisdiction over the Defendant, RALEIGH ALE HOUSE, INC., since it does business and has its

- 1 -

principal place of business in this judicial district.

5. Plaintiff's claims arise in this judicial district as well as in other judicial districts.

## THE PARTIES

6. Plaintiff is a Florida corporation having its principal place of business in Jupiter, Palm Beach County, Florida.

7. Defendant, RALEIGH ALE HOUSE, INC., is a North Carolina corporation having its principal place of business within this judicial district.

8. Defendant, JOHN A. DURANKO is an architect and a resident of the state of Florida, Palm Beach County, and performs architectural services for use within this judicial district.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff, by and through its chief executive officer and founder, John W. Miller, has developed through the expenditure of time, effort and money, a restaurant concept which utilizes a unique "trade dress/concept" and "trade name/concept". (Hereinafter collectively referred to as "trade concepts"). The rights to use these "trade concepts" have been assigned by John W. Miller to Plaintiff. (A copy of the assignment of Intellectual Property rights is attached hereto as Exhibit "A".)

10. The "trade dress/concept" includes, but is not limited to, an original and unique, exterior design and elevation, interior design, floor plan, kitchen layout, furniture design and layout, signage design, menu item and design, employee uniforms, etc. with

- 2 -

a sports/outdoors theme which includes T.V.'s for viewing sporting events which shall hereafter be referred to as "trade dress/concept."

11. The "trade name/concept" utilizes the name "Ale House" preceded by the city, town or locale where the restaurant is located (i.e., "Jupiter Ale House") as a trade name for each restaurant in the chain. Twenty (20) such restaurants are currently in operation.

12. Plaintiff, by and through its Chief Executive Officer, John W. Miller, having developed and being first to utilize the restaurants' "trade concepts" and Plaintiff having been assigned the rights to such trade concepts from Miller is the owner of such "trade concepts" and has the exclusive right to use same.

13. The Plaintiff, by and through its Chief Executive Officer and predecessor, John W. Miller, began using its unique "trade concepts" in the first restaurant in the chain, the "Jupiter Ale House", on October 15, 1988.

14. Since October 15, 1988, Plaintiff and/or its predecessor have developed, built, equipped, and currently manages a chain of 20 restaurants which employ the identical or substantially similar "trade concepts" as set forth above and currently has one other such restaurant under construction. Further, Plaintiff is currently negotiating with several other land owners, for the acquisition of additional sites to continue developing, equipping and managing restaurants which will employ an identical or

- 3 -

substantially similar "trade concepts" as the other restaurants in the chain. The family of trade names currently in use by the Plaintiff's restaurant chain are:

> Boca Ale House
> Boynton Ale House
> Brandon Ale House
> Buena Vista Ale House
> Davie Ale House
> Gainesville Ale House
> Orlando Ale House (Hiawassee)
> Hollywood Ale House
> Jensen Ale House
> Jupiter Ale House
> Orlando Ale House (Kirkman Road)
> Mandarin Ale House
> Ocala Ale House
> Orlando Ale House (Winter Park)
> Orlando Ale House (Florida Mall)
> Palm Harbor Ale House
> Pines Ale House
> Sarasota Ale House
> Ft. Myers Ale House
> Daytona Ale House

One is currently under construction which will open in April, 1998 is:

> Tampa Ale House

Five in the planning stage are:

> North Miami Ale House
> Doral Ale House
> Tampa II Ale House
> Bradenton Ale House
> St. Pete Ale House

15. Plaintiff has entered into a Management Agreement to manage all of the above mentioned restaurants in the chain and granted such restaurants a license to use Plaintiff's "trade concepts". An example of one such Management Agreement and license is attached hereto as Exhibit "B".

- 4 -

16. The "trade/name concept" developed, owned and used by the Plaintiff in its restaurant chain is inherently distinctive or, if descriptive, has acquired a secondary meaning as indicating and identifying or denominating Plaintiff and Plaintiff's restaurant chain as the sources of the unique restaurant services which they provide and constitutes "A Family of Marks".

17. The distinctive "trade dress/concept" and/or "trade name/concept" ("Family of Marks") identifies Plaintiff's goods and services and distinguishes them from the goods and services of its competitors and have become widely and favorably accepted by the consuming public and have enjoyed much commercial success.

18. Subsequent to Plaintiff's public use of its "trade concepts" and Plaintiff's "trade concepts" acquiring public acceptance and recognition as identifying and distinguishing Plaintiff's restaurants from the restaurants of others, Defendant, RALEIGH ALE HOUSE, INC., with prior knowledge of Plaintiff's use, has begun or intends to begin offering substantially same and/or similar competitive goods and services to the public with the use of Plaintiff's "trade concepts" or substantially similar "trade concepts" which is, or is likely to cause, confusion among customers as to the source of the services and to the sponsorship of the services being offered and sold. Defendant, RALEIGH ALE HOUSE, INC.'S, illegal use of Plaintiff's "trade concepts" include but are not limited to operating a restaurant doing business as "Raleigh Ale House" (a name which falls within Plaintiff's "Family

of Marks"), using identical or substantially similar signage on the exterior of the restaurant, use of identical or substantially similar menus at substantially similar prices, use of identical or substantially similar employee uniforms, substantially similar logo, use of a sport/outdoor theme with several monitors for the viewing of sporting events, use of substantially similar floor plan, color schemes, interior design, methods of doing business, etc. creating a public appearance that Defendant's restaurant is associated with Plaintiff's restaurant chain.

19. The Defendant, RALEIGH ALE HOUSE, INC.'s, copying of the Plaintiff's "trade name/concept," parts of its "trade dress/concept", and methods of doing business taken together, produce a pattern and effort which shows that Defendant deliberately and intentionally copied and misappropriated Plaintiff's "trade concepts" and intangible property rights and has caused or intends to cause Defendant's restaurants, goods and services to be confused or mistaken for those of the Plaintiff's restaurants, goods, and services or to confuse the public as to the source and the origin of these unique goods and services identified by Plaintiff's trade concepts and "Family of Marks".

20. Plaintiff has demanded that Defendant cease the conduct alleged herein, but the Defendant has refused. A copy of correspondence to the Defendant and its agents are attached hereto as Plaintiff's Exhibit "C".

21. The acts of Defendant complained of herein are unlawful,

willful, knowing, intentional and have resulted or will result in the injury of the Plaintiff and the dilution of its trade concepts and business reputation.

22. The Plaintiff has hired the undersigned attorney and agreed to pay him a reasonable fee for his services. Pursuant to the Federal and State law, Plaintiff is entitled to recover its costs and a reasonable attorney's fee if it prevails in this action.

## COUNT I

## FALSE DESIGNATION OF ORIGIN TRADE DRESS AND TRADEMARK INFRINGEMENT

Plaintiff sues Defendant, RALEIGH ALE HOUSE, INC., and alleges:

23. Plaintiff realleges and incorporates all paragraphs above as if fully set forth herein.

24. This is an action for damages exceeding Fifty Thousand Dollars ($50,000.00) and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1125(a) and other applicable statutes contained in Chapter 15 of the United States Code.

25. The acts of the Defendant alleged in the general allegations set forth above are knowing and willful, constitute a false designation of origin or a false description and representation and has or will or is likely to create customer confusion, mistake or deception as to the source of the services and to the sponsorship of the services offered or to be offered and

- 7 -

will in commerce falsely describe or represent the Defendant's restaurant, goods and services are of the same character, nature and quality as the restaurants, goods and services of Plaintiff in violation of Section 43(a) of the Trademark Act (Lanham Act) of July 15, 1946, as amended, Title 15 U.S.C. § 1125(a.).

26. Such acts of Defendant will continue in the future unless restrained, and the Plaintiff has no adequate remedy at law.

27. Defendant's actions are irreparably harming Plaintiff and will continue to do so in the future.

WHEREFORE, Plaintiff demands a preliminary and permanent injunction enjoining the Defendant from copying or using a substantially similar "trade dress", "trade name" and/or name which falls within Plaintiff's "Family of Marks", plus damages, costs, and a reasonable attorney's fee.

## COUNT II

### INJURY TO BUSINESS REPUTATION AND DILUTION

The Plaintiff sues Defendant, RALEIGH ALE HOUSE, INC., and alleges:

28. The Plaintiff realleges and incorporates Paragraphs 1 through 22 and 25 above as if fully set forth herein.

29. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00) and injunctive relief pursuant to 15 U.S.C. § 1125(c) and other applicable statutes of Chapter 15 of the United States Code.

30. The willful and wanton use by the Defendants of

- 8 -

substantially similar "trade concepts" as that used by the Plaintiff's restaurant chain, will likely cause injury to the business reputation and/or will dilute the distinctive quality of Plaintiff's trade concepts and "Family of Marks".

WHEREFORE, Plaintiff demands a preliminary and permanent injunction enjoining the Defendant from copying or using a substantially similar trade dress, trade name and/or name which falls within Plaintiff's "Family of Marks" plus statutory damages, punitive damages, attorney's fees and costs.

## COUNT III

### COMMON LAW TRADE DRESS/NAME INFRINGEMENT AND UNFAIR TRADE COMPETITION

Plaintiff sues Defendant, RALEIGH ALE HOUSE, INC., and alleges:

31. Plaintiff realleges and incorporates Paragraphs 1 through 22 and 25 above as if fully set forth herein.

32. This is an action for damages in excess of Fifty Thousand Dollars $50,000.00 and for preliminary and permanent injunctive relief.

33. The abovementioned acts by the Defendant constitute common law trade dress infringement, common law trade name infringement and unfair trade competition under federal laws and laws of the state of North Carolina.

WHEREFORE, Plaintiff demands a preliminary and permanent injunction enjoining the Defendant from copying or using a

- 9 -

substantially similar trade dress, trade name and/or name which falls within Plaintiff's "Family of Marks", plus compensatory damages, punitive damages, attorney's fees and costs.

## COUNT IV

## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

34. Plaintiff realleges and incorporates Paragraphs 1 through 22 hereof as if fully set forth herein.

35. Defendant is irrevocably committed to pursuing in the future the above described courses of conduct to Plaintiff's great, immediate and irreparable harm.

36. Plaintiff seeks a declaratory judgment that the above described courses of conduct of Defendant are unlawful and seek injunctive relief ordering Defendant to cease such unlawful courses of conduct and follow a remedial course of conduct to compensate for and restore Plaintiff to the position they had obtained prior to Defendant's embarking on its wrongful and improper course of conduct.

WHEREFORE, Plaintiff demands a judgment declaring that the Defendant's conduct is wrongful and what remedial measures Defendant shall take to compensate and restore Plaintiff to its position prior to Defendant's wrongful conduct.

## COUNT V

## COPYRIGHT INFRINGEMENT

Plaintiff sues RALEIGH ALE HOUSE, INC. and JOHN A. DURANKO, and alleges:

- 10 -

37. The Plaintiff realleges and incorporates Paragraphs 1 through 22 above as if fully set forth herein.

38. This is an action for damages exceeding Fifty Thousand Dollars ($50,000.00) and preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 102, 17 U.S.C. § 106, 17 U.S.C. § 201(b), 17 U.S.C. § 501, 17 U.S.C. § 502, 17 U.S.C. § 504 and 17 U.S.C. § 505.

39. The Defendant, JOHN A. DURANKO, is a licensed Florida architect who maintains an office in West Palm Beach, Palm Beach County, Florida, which is the same county where the Plaintiff's corporate offices are located.

40. Plaintiff's Chief Executive Officer, John W. Miller, created and authored a unique interior and exterior design and floor plan for the exclusive use of the restaurants he and subsequently the Plaintiff, his successor, build and manage. John W. Miller created the unique exterior and interior design and floor plan in the summer of 1988 and such technical/architectural works are entitled to protection under Federal law.

41. On or about March 15, 1994, when John W. Miller formed ALE HOUSE MANAGEMENT, INC. as the entity to continue developing and managing the restaurant chain, John W. Miller, as author, assigned his copyright ownership and other intellectual property rights to Plaintiff, ALE HOUSE MANAGEMENT, INC. A copy of the assignment is attached hereto as Exhibit "D".

42. Since 1994, Plaintiff has employed architects and

- 11 -

engineers which include, but are not limited to, Florida Design Professionals, Inc. to provide architectural engineering services in the recreation of the unique interior, and exterior design and floor plan used in the restaurants developed and managed by the Plaintiff.

43. The aforementioned re-created architectural works are derivative works and constitute "works for hire" pursuant to 17 U.S.C. § 201(b) and as such, Plaintiff is considered the author of such architectural works which are protected from unauthorized reproduction and/or duplication and confers exclusive rights to the use of such architectural works on the plaintiff.

44. Furthermore, in order to acknowledge and record Plaintiff's ownership of such copyrightable architectural works which were re-created by Florida Design Professionals, Inc. as "works for hire," Florida Design Professionals, Inc. assigned any and all rights, title and interest in such architectural works to Plaintiff. A copy of the assignment is attached hereto as Exhibit "E".

45. Plaintiff filed registrations of such architectural works with the Federal Copyright office. Copies of such copyright registrations are attached hereto as Exhibit "F".

46. Subsequent to the creation and authorship of the architectural plans and specifications which signify the distinctive interior and exterior design and floor plan that the Plaintiff uses in conjunction with the development of all the

restaurants in its chain, the Defendant, RALEIGH ALE HOUSE, INC., has hired the Defendant, JOHN A. DURANKO, as its architect, for the purpose of willfully and wantonly copying the architectural works that the Plaintiff uses in the development of the restaurants which is owned by the Plaintiff and subject to protection from the unauthorized reproduction or duplication.

47. The Plaintiff has requested that the Defendant, JOHN A. DURANKO, cease and desist the illegal activities alleged herein and to surrender all of the architectural works owned by the Plaintiff and subject to protection from unauthorized use, but the Defendant, JOHN A. DURANKO, refused. A copy of the cease and desist letter and request for surrender of such architectural works is attached hereto as Exhibit "G".

48. Such acts by the Defendants will continue in the future unless restrained, and the Plaintiff has no adequate remedy at law.

49. The Defendant's actions are irreparably harming Plaintiff and will continue to do so in the future.

WHEREFORE, Plaintiff demands a preliminary and permanent injunction enjoining the Defendants from reproduction/duplication of the architectural works described herein, require the Defendants to surrender any and all architectural works that have been reproduced or duplicated, award the Plaintiff its costs and any other damages it is entitled to under law.

DATED: March 16th, 1998.

The undersigned, JOHN W. MILLER, Chief Executive Officer, of

- 13 -

ALE HOUSE MANAGEMENT, INC., acknowledges that he has read the foregoing Verified Complaint and swears under oath that the factual allegations contained in Counts I through V therein are absolutely true and accurate.

FURTHER AFFIANT SAITH NOT.

ALE HOUSE MANAGEMENT, INC.

BY: _____
JOHN W. MILLER,
Chief Executive Officer

BE IT KNOWN, that sworn to and subscribed before me a Notary Public, duly commissioned in and for said County and State, this 16TH day of MARCH, 1998, personally appeared JOHN W. MILLER, personally known to me and known to me to be the same person who executed the above VERIFIED COMPLAINT to be his act and deed and who did take an oath.

IN WITNESS WHEREOF, I have hereunto subscribed by name and affixed my seal of Office the day and year last above written.

_____
Notary Public
at large

My Commission Expires:

MICHAEL J. BURLEY
_____
Printed Name of Notary
Public

MICHAEL J. BURLEY
MY COMMISSION # CC 521285
EXPIRES: January 16, 2000
Bonded Thru Notary Public Underwriters

- 14 -

_____
MICHAEL J. BURLEY, ESQ.
MICHAEL J. BURLEY, P.A.
Attorney for Plaintiff
250 Tequesta Drive
Suite 202
Tequesta, Florida 33469
Telephone: (561)744-3100
Fax: (561)744-3111
Florida Bar No.: 0777803



_____
KENNETH R. MASSEY, ESQ.
LAW OFFICE OF KENNETH R. MASSEY
Attorney for Plaintiff
127 Highway 70 West
P.O. Box 314
Garner, North Carolina 27529
Telephone: (919)773-9246
Fax: (919)773-9045
State Bar No.: 21189
L.R. 2.04 Counsel

- 15 -

Case 5:08-cv-00617-F   Document 1-2   Filed 12/19/08   Page 15 of 15